**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KRISTAL RICHARDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PHARMACA INTEGRATIVE PHARMACY, INC., AARON PIETRYKOWSKI, LISA HANNIGAN, and DAVID JANKOWSKI, | ) Plaintiff Demands Trial by Jury ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, KRISTAL RICHARDSON, by her attorneys, and complaining of PHARMACA INTEGRATIVE PHARMACY INC., AARON PIETRYKOWSKI, LISA HANNIGAN, and DAVID JANKOWSKI sand states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This Court has jurisdiction over the subject matter of this action under Sections 1331 and 1343(a)(3) and (4) of Title 28 of the United States Code because this action arises under the Constitution and laws of the United States and because it is brought to redress the deprivation of Plaintiff's statutory rights and to secure relief under a federal civil rights statute.

3. Venue is proper in this Court because all events and omissions giving rise to this action occurred within the Northern District of Illinois and because the Defendants are all located within the Northern District of Illinois.

4. Plaintiff, KRISTAL RICHARDSON, ("Plaintiff"), is a black female, a citizen of the United States, residing in Cook County, Illinois. She has been an employee of Defendant PHARMACA INTEGRATIVE PHARMACY, since August, 2018.

5. Defendant, PHARMACA INTEGRATIVE PHARMACY, INC. (hereinafter "Pharmaca"), is a corporation incorporated in the State of Delaware with its principal place of business in Boulder, Colorado. It operates a store and pharmacy located at 2313 N. Lincoln Ave, Chicago, Illinois, where the events involved in this case occurred. It employs more than 20 employees.

6. Defendant AARON PIETRYKOWSKI, ("Pietrykowski") is employed by Defendant Pharma, and at all times relevant herein was the Pharmacy Manager of Defendant's pharmacy located at 2313 N. Lincoln Ave., Chicago, Illinois.

7. Defendant LISA HANNIGAN ("Hannigan") is employed by Defendant Pharma, and at all times relevant herein was the Store Manager of Defendant's store located at 2313 N. Lincoln Ave., Chicago, Illinois.

8. Defendant DAVID JANIOWSKI is employed by Pharma and at all times relevant herein was Vice President of Retail.

9. Since the inception of her employment by Pharma, Plaintiff has worked at Pharma's store located at 2313 N. Lincoln Ave., Chicago, IL, assigned the position of Lead Practitioner. Plaintiff reported directly to Hannigan, who was her direct supervisor.

10. While performing her duties as an employee of Pharma, Plaintiff became aware that Pietrykowski had a bias against all employees who were not of Caucasian heritage. He routinely harassed those employees who were black and Hispanic

11. On September 14, 2020, Plaintiff observed Pietrykowski verbally harass a Latino employee, Aaron Ocampo.

12. Plaintiff complained to Hannigan about Pietrykowski's conduct on this occasion, as well as others, informing Hannigan that Pietrykowski was racist and was harassing Hispanic and black employees.

13. On September 17, 2020, Hannigan requested Plaintiff to work on a Saturday, which Plaintiff stated that she could not do because the terms of her employment required her to

work only Monday through Friday, and because Plaintiff had to study for an examination which was to be held imminently.

14. During this time, Pietrykowski falsely accused Plaintiff of failing to assist a customer with the use of the restroom at the facility.

15. Pietrykowski also asked Plaintiff to change the medication being prescribed to customers of Pharma, which he knew was illegal. Plaintiff refused to take this improper and illegal action.

16. In October, 2020, Hannigan reduced Plaintiff's work hours to two days per week, claiming that she had no other work available for Plaintiff.

17. Instead of assigning the hours she normally worked to Plaintiff, Hannigan assigned the hours to a new hire named Brian Beriner.

18. Hannigan also appointed a part-time employee, Arwen Hoot, a close personal friend of Pietrykowski, as Assistant Store Manager, without giving Plaintiff an opportunity to apply for or be appointed to that position.

19. The reduction in Plaintiff's hours were a retaliation against Plaintiff because Hannigan believed that Plaintiff had made a report to the Human Resources Department of Pharma about Pietrykowski's harassment of Ocampo, as well as other false statements Pietrtrykowski had made about Plaintiff.

20. Indeed, Pietrykowski made numerous false statements about Plaintiff to Hannigan. As a result, Hannigan accused Plaintiff of having improperly shared her password and log-in information with other employees who were not entitled to such information, which statements were made to threaten Plaintiff with being penalized.

21. The actions of Pietrykowski and Hannigan were retaliation against Plaintiff because of her race and because she had previously complained about Pietrykowski's adverse conduct against all non-white employees of Pharmaca.

22. Plaintiff informed the Human Resources Department of these actions. As a result, in

February, 2021,the Human Resources Department purported to conduct an investigation of the actions of Pietrykowski and Hannigan.

23. While this investigation was being conducted, HANNIGAN falsely accused Plaintiff of having engaged in illegal activity, which accusation was known to be false, and was for the purpose of retaliating against Plaintiff for exercising her rights to report the illegal conduct of Pietrykowski and Hannigan.

24. On April 9, 2021, Jankowski appeared at the Chicago store of Pharmaca without any prior notice, and requested a meeting with Plaintiff. At that meeting, he informed Plaintiff that her claims were unfounded. He also stated that while Plaintiff was not being fired, she was being offered a severance agreement by which Plaintiff would be given eight weeks severance pay.

25. Subsequently, Pharma sent a formal Severance Agreement.

26. On April 21, 2021, Plaintiff informed Pharmaca that she would not accept the severance agreement which it had presented to her.

27. In August, 2021, Hannigan again scheduled Plaintiff to work on days and times which were not within the times it had been agreed that Plaintiff was not to work .

28. At all times relevant herein, Plaintiff properly performed her duties as an employee of Pharmaca and was meeting the legitimate expectations of her employer in her position of Lead Practitioner.

29. The actions of Defendants have deprived of her of pay to which she was entitled, harmed her reputation as an employee, and have interfered with her ability to obtain further employment in the field of medicine.

30. Defendants' actions and omissions were reckless and wilful and wanton in that they have at all times had full knowledge of their obligations to Plaintiff under the law, but have failed and refused to comply with those obligations.

31. As a direct and proximate result of the acts alleged above, Plaintiff has suffered actual,

consequential, and other damages, in addition to irreparable harm to her reputation, as well as emotional and mental anguish.

32. Defendants' actions described above constitute race discrimination, harassment and retaliation against Plaintiff for having exercised her rights under Title VII.

33. Plaintiff filed a Charge of Discrimination embodying the claims for violation of Title VII, 42 U.S.C.. §2000e et seq., set forth above with the U.S. Equal Employment Opportunity Commission on March 25, 2021. A copy of that Charge is attached hereto as Exhibit "A" and incorporated herein by reference.

34. On July 19, 2021, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Notice of Right to Sue, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

WHEREFORE, Plaintiff prays that this Court grant her the following relief:

A. An award of compensatory damages in an amount to be proven at trial;

B. An award of punitive damages in an amount to be proven at trial;

C. An award to Plaintiff of her costs and expenses incurred herein, including attorneys fees; and

D. Such other and further relief that this Court deems just and proper.

Respectfully submitted,

S/Wayne B. Giampietro,
Plaintiff's attorney

Of counsel:
Poltrock & Giampietro
123 W. Madison St., Suite 1300
Chicago, Illinois 60602
312 236 0606; Fax 312 236 6492
wgiampietro@giampietrolaw.com
ARDC # 0947776