## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KRISTAL RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21 C 5399 |
| | ) | |
| PHARMACA INTEGRATIVE | ) | Judge Charles P. Kocoras |
| PHARMACY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Pharmaca Integrative Pharmacy, Inc. ("Pharmaca"), Aaron Pietrykowski, Lisa Hannigan, and David Jankowski's (collectively, "Defendants") Partial Motion to Dismiss Plaintiff Kristal Richardson's Complaint. For the following reasons, the Court grants the Motion.

## STATEMENT

For the purposes of this Motion, the Court accepts as true the following facts from the Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Richardson's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Richardson, a Black female, is Lead Practitioner at Pharmaca's location in Chicago's Lincoln Park neighborhood. She alleges Pietrykowski, the store's Pharmacy Manager, verbally harassed a Latino employee. She complained to Hannigan, the Store

Manager, about Pietrykowski's conduct, saying he was racist and harassing Hispanic and Black employees.

Thereafter, Hannigan began scheduling Richardson to work on Saturday, when the terms of her employment required her to only work Monday through Friday. Hannigan ultimately reduced Richardson's work hours to two days per week, assigning her hours to a new hire. Hannigan also appointed a close personal friend of Pietrykowski, who previously worked part-time, to Assistant Store Manager without giving Richardson an opportunity to apply for the job. Additionally, Pietrykowski accused Richardson of failing to assist a customer who needed a bathroom, asked her to "change medication being prescribed to customers," and accused her of "having engaged in illegal activity."

Richardson reported Hannigan's and Pietrykowski's conduct to Pharmaca's Human Resources department. Jankowski, Pharmaca's Vice President of Retail, met with Richardson, told her that her accusations were unfounded, and told her she was not being fired but presented her with a severance agreement. Richardson refused to sign the severance agreement.

Based on these facts, Richardson alleges retaliation, race discrimination, and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Defendants now move to dismiss the race discrimination and harassment claims under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but must provide enough factual support to raise its right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. With this framework in mind, we address Defendants' arguments in turn.

Defendants first argue Richardson's race discrimination and harassment claims must be dismissed because she failed to exhaust her administrative remedies. "A Title VII plaintiff may bring only those claims that were included in his [U.S. Equal Employment Opportunity Commission ("EEOC")] charge or that are like or reasonably related to the

3

allegations of the charge and growing out of such allegations." *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010) (cleaned up). This requirement serves two purposes: "it gives the EEOC and the employer a chance to settle the dispute, and it gives the employer notice of the employee's grievances." *Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 831 (7th Cir. 2015). However, the EEOC charge must be reviewed liberally. *Id.*

> In her EEOC charge, Richardson checked the "retaliation" box and stated:
>
> I was hired by Respondent in or around August of 2018. My job title is Lead Practitioner. During my employment, I participated in an internal investigation involving alleged race-based discrimination. Subsequently, Respondent has reduced my hours and threatened me with discipline.
>
> I believe that I have been discriminated against in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dkt. # 1-1. "[T]he failure to check a box on an EEOC charge in and of itself is not sufficient to make a determination as to whether a claim is like or reasonably related to the charge." *Nolan v. City of Chi.*, 2017 WL 569154, at *5 (N.D. Ill. 2017) (cleaned up and collecting cases). However, retaliation, discrimination, and harassment claims generally "are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another." *Sitar v. Ind. Dep't of Transp.*, 334 F.3d 720, 726 (7th Cir. 2003); *see also Cervantes v. Ardagh Grp.*, 914 F.3d 560, 565 (7th Cir. 2019) ("As a general matter, we do not consider a retaliation charge to be reasonably related to a discrimination claim.").

4

Here, Richardson did not include any allegations in her EEOC charge linking Defendants' actions to her race. Instead, the focus of her charge is retaliation for engaging in protected activity. Her charge, thus, did not put the EEOC and Pharmaca on notice of any race discrimination or harassment claim. *See Cervantes*, 914 F.3d at 565 ("The administrative retaliation charge therefore never gave Ardagh reasonable notice of Mr. Cervantes's discrimination claims, nor did it provide Ardagh and the agency an opportunity to resolve his concerns before they ripened into this suit."). Accordingly, Richardson's race discrimination and harassment claims are dismissed. *See Nolan*, 2017 WL 569154, at *6 (dismissing a plaintiff's hostile work environment claim "because his charge does not contain any allegations linking the alleged harassment to a protected characteristic").

Finally, Pietrykowski, Hannigan and Jankowski also move to dismiss because individuals cannot be held liable for violations of Title VII. *See Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). In her Response, Richardson concedes this argument. Therefore, the Court dismisses Pietrykowski, Hannigan, and Jankowski as Defendants.

## <u>CONCLUSION</u>

For the reasons stated above, the Court grants Defendants' Motion (Dkt. # 9). The race discrimination and harassment claims are dismissed. By agreement, Pietrykowski, Hannigan, and Jankowski are dismissed as Defendants. Pharmaca is ordered to answer the remaining claims within 14 days of this Order. Telephonic status set for 3/8/2022 at 10:30 a.m. It is so ordered.

Dated: 01/25/2021

Charles P. Kocoras
United States District Judge